Law Offices
Rapkin, Gitlin & Beaumont
a partnership including professional corporations
21650 Oxnard Street, Suite 1620
Woodland Hills, CA 91367-4620
Telephone (818) 884-9998
Facsimile (818) 884-1087
lawoffices@rgblawyers.com
Larry F. Gitlin, Esq.
Attorneys for Plaintiff DAVID TEXTILES, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| DAVID TEXTILES, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MURRAY A. GOLDENBERG TEXTILES, INC., a Texas corporation, and Does 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV 07-8347-VBF (PLAx)<br><br>STIPULATED PROTECTIVE ORDER |

IT IS HEREBY STIPULATED by and between Plaintiff DAVID TEXTILES, INC. ("Plaintiff") and Defendant MURRAY A. GOLDENBERG TEXTILES, INC. ("Defendant") by and through their respective attorneys of record, that a protective order may be entered by this Court based on the following facts:

WHEREAS, discovery in this action requires the production and disclosure of confidential, proprietary information concerning financial matters and internal business operations, and trade secrets (defined in California Civil Code § 3246.1) including, without limitation, information regarding sales, production and other costs, revenues, profits, vendors, distributors, customers, converters, inventories and design methods ("confidential information"), and

WHEREAS, the parties agree to be bound by the protective order contemplated by this stipulation retroactive to December 27, 2007.

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED, that the following procedures shall govern the production and use of all documents, testimony, and other information produced by any party or third party in connection with this action:

1. Counsel for a party or a third party producing or furnishing information of any nature in connection with this action ("the producing person") may designate as "CONFIDENTIAL" any document, thing, deposition testimony, or other information that the producing person, in good faith, believes to contain confidential information as defined above, said definition being incorporated herein by reference. Except as provided in paragraph 2 below, such designation shall be made at the time that the confidential information is produced or furnished by stamping each page of any such document or other thing with the word "CONFIDENTIAL" in accordance with the terms hereof. Such designations shall be made, where practical, by marking each page of a document, each separate part or component of a thing, or each separate item of other information in a conspicuous manner. If not practical to mark each page of a document, as in the case of a bound publication, the cover of such document shall be so marked. If not practical to so mark the material itself, a container for or a tag attached to the material shall be so marked.

2. All confidential information designated as "CONFIDENTIAL" shall be used for the purpose of this action only and for no other purpose.

3. Confidential information designated as "CONFIDENTIAL" shall not be disclosed to any person except:

    a. Counsel and their members, partners, associates, paralegals, support staff, and employees;

    b. Individual parties and officers of the parties whose participation is necessary to the prosecution or defense of this action;

       c.    Experts or consultants retained or employed in good faith to assist a party in the valuation, prosecution, or defense of this action, provided that each such expert or consultant agrees to be bound by the terms of this Order and evidences his or her consent by executing the Certificate attached as Exhibit A to this Order before receiving any confidential information, provided that:

       1)    the expert or consultant shall be disclosed to the parties hereto at least five (5) days before the expert or consultant receives any confidential information;

       2)    the disclosing party identifies the confidential information it seeks to disclose;

       3)    there is an opportunity to object to the disclosures;

       4)    if there is an objection to an expert or consultant receiving the confidential information, the party seeking to disclose bears the burden of demonstrating that:

       (i)    the expert or consultant is qualified;

       (ii)    the expert or consultant is not a competitor to the producing party; and

       (iii)    the expert or consultant has a genuine need to know the type of information at issue in order to render his or her expert opinion;

       d.    Any witness or deponent who is asked to testify about confidential information, provided that such witness or deponent is (a) an author or recipient of the confidential information or any other person who has actually viewed said material or has become aware of it in the ordinary course of business; or (b) the producing party consents to the disclosure of the confidential information to the witness or deponent, provided that each such person agrees to be bound by the terms of this Order and evidences his or her consent by executing the Certificate attached hereto before receiving confidential information. In the event the producing party withholds consent, the party wishing to disclose may establish whether the party being deposed has relevant knowledge by (1) foundational questions directed to whether the person being deposed actually was an

author or recipient of the confidential information or a person who actually viewed said material or became aware of it in the ordinary course of business, or (2) motion.

4. Any confidential information that a party or third party believes in good faith should not be disclosed to another party or parties, or to any directors, officers, or employees of such other party or parties, may be designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY." Such designations shall be made, where practical, by marking each page of a document, each separate part or component of a thing, or each separate item of other information in a conspicuous manner. If not practical to mark each page of a document, as in the case of a bound publication, the cover of such document shall be so marked. If not practical to so mark the material itself, a container for or a tag attached to the material shall be so marked.

5. Material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY" must be maintained and kept at all times in a secure place and shall have the same limited access as materials designated CONFIDENTIAL, except that they shall not be disclosed to any person described in Paragraph 4 above.

6. Any party who wishes to disclose confidential information to any person other than as set forth in Paragraph 3 above shall provide the producing party at least five (5) business days' notice in writing identifying both the person to whom the disclosure is proposed and the information that the party proposes disclosing. Such disclosure shall not occur except (a) provided that each such person agrees to be bound by the terms of the Certificate attached as Exhibit A to this Order before receiving such confidential information, and upon the written consent of the producing person, or (b) upon leave of Court.

7. Any document or other information (or part thereof) filed, lodged, or otherwise submitted in connection with this action that refers to, comprises, is derived from, or incorporates any confidential information shall, if agreed by the Court on appropriate application, be filed under seal. The envelope should state on the outside that it contains confidential information and may not be opened or the contents thereof

revealed except by order of the Court or by the written permission of the party who has designated the information contained herein as confidential. Pending any ruling on an application to file something under seal, the item shall be lodged under seal.

8. The restrictions set forth in this Order shall not apply to any document or other information that was properly in the public domain or is acquired in good faith, without recourse to confidential information, from a third party who had the right to disclose such information. Nothing herein shall prevent either of the parties from disclosing publicly any of their own confidential information as they deem appropriate, though such public disclosure operates to remove any designation of confidential information in this action.

9. If counsel for a receiving party objects in good faith to the designation by the producing person of any document, testimony, or other information as “CONFIDENTIAL” or "CONFIDENTIAL-ATTORNEYS’ EYES ONLY", counsel for the receiving party shall so notify counsel for the producing person, which notice shall: identify the document, testimony, or other information; set forth the reason for the objection; and identify the person or entity to whom disclosure is proposed. If the parties are unable to resolve the disagreement to their mutual satisfaction, the party seeking to remove or reduce the confidentiality designation of the information or document shall proceed pursuant to Local Rule 37. The party making the designation shall have the burden of establishing that the designation is proper. Until the motion is ruled upon, or the disagreement is otherwise resolved, the document, testimony, or other information shall continue to be treated as designated.

10. Nothing in this Order shall be construed to constitute a waiver of any party's right: (a) to oppose discovery on any ground; or (b) to object on any ground to the admission into evidence of any document, testimony, or other information at the trial of the Action. Any item produced prior to the execution hereof by the Court and marked as “CONFIDENTIAL” or "CONFIDENTIAL-ATTORNEYS’ EYES ONLY" shall not be disclosed to anyone until such time as this Order is executed and then only in

accordance herewith.

11. During the pendency of this action and until 60 days thereafter, each side shall maintain the originals of all signed Certificates on the form attached to this Order as Exhibit A. Within 60 days after the termination of this action, or at such other time as the parties may subsequently agree, each party shall either return or destroy all documents containing or reflecting confidential information, including but not limited to originals, copies, summaries, and excerpts of confidential information. Notwithstanding the foregoing, counsel for each party may retain their work product, such as pleadings, correspondence, memoranda, and deposition transcripts which contain confidential information, provided that all such information shall remain subject to this Order and shall not be disclosed to any person except as provided by this Order.

12. This Order shall not prejudice a party's right to later seek to amend, modify, or change the terms of this Order by written agreement of the parties (and relevant third parties, to the extent that their interests are affected), or by Order of Court.

13. This Order may be executed by facsimile signature (or e-mail of an executed signature page), and upon execution, shall be effective immediately, and shall survive the conclusion of this action. This Order will be binding only on such parties and counsel who execute the same. Signatories who receive documents shall not share them with non-signatory counsel until they have executed this stipulation and order agreeing thereby to bind their clients to the terms hereof;

14. Nothing in this Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under work product doctrine, or materials which are otherwise beyond the scope of permissible discovery.

15. No party shall be responsible to another for any use made of information produced hereunder and not identified or designated as “CONFIDENTIAL” or “CONFIDENTIAL-ATTORNEYS’ EYES ONLY.”

///

**GOOD CAUSE STATEMENT**

Good cause exists to preserve the confidentiality of the above-described confidential information from competitors and others in the textile trade to ensure that such confidential information is used only for purposes of this litigation and not otherwise used or disseminated.

September ___, 2009

**HAGAN & ASSOCIATES**

By:___________________________

**CARA J. HAGAN**
Attorneys for Defendant MURRAY A. GOLDENBERG TEXTILES, INC.

September ___, 2009

**RAPKIN, GITLIN & BEAUMONT**

By:___________________________

**LARRY F. GITLIN**
Attorneys for Plaintiff, David Textiles, Inc.

IT IS SO ORDERED.

DATED: September 11, 2009

Paul L. Abrams

HON. PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## CERTIFICATE AND AGREEMENT

TO BE BOUND BY PROTECTIVE ORDER

The undersigned, on oath, deposes and states as follows:

1. I, _______________, do hereby acknowledge that I have been provided with a copy of the Stipulated Protective Order governing the treatment of confidential information produced by the parties or third parties in the case of David Textiles, Inc. v. Murray A. Goldenberg Textiles, Inc., Case No. CV 07-8347-VBF(PLAx).

2. I have read and understand the Stipulated Protective Order and I hereby acknowledge that I am bound by it and agreed to abide by it.

3. I further agree that I shall treat all information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY in accordance with the terms of said Stipulated Protective Order.

4. I further acknowledge that I may be held responsible for any failure on my part to comply with the provisions of the Stipulated Protective Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this _________________ day of ________________, 2009.

Signature: _____________________________________

Print Name: ____________________________________